## S. ROBBINS *v.* TAXING DISTRICT.

CONSTITUTIONAL LAW. *Privilege Tax. Drummers.* The act of 1881, chapter 96, section 16, amending the Taxing District law, which provides that drummers, and all persons not having a regular licensed house of business in the Taxing District, offering for sale, or selling goods, wares and merchandise therein by sample, shall be required to pay a specified privilege tax, is constitutional and valid.

#### FROM SHELBY.

·Appeal in error from the Circuit Court of Shelby· county. J. O. PIERCE, J.

F. T. EDMONSON and LUKE E. WRIGHT for Robbins.

S. P. WALKER for Taxing District.

COOPER, J., delivered the opinion of the court.

The plaintiff in error, a citizen of Cincinnati, Ohio, is a drummer for the firm of Ross, Robbins & Co., of the same place, the firm being engaged in selling paper, writing materials, and such articles as are used in the book stores of the Taxing District of Shelby county, a municipal corporation commonly known as the city of Memphis. He has appealed from a judgment against him for plying his vocation by selling by sample within the Taxing District, without taking out a license for the purpose, goods to be furnished by his employers. It is insisted on his behalf that the act of the Leg-

islature imposing the privilege tax claimed is uncon-stitutional.

Selling by sample was first made a privilege in this State by the revenue act of 1871, chapter 51, section 6, and the provision was repeated in the act of 1873, chapter 118, section 46. The power of the Legislature to create a privilege for purposes of taxation, and to authorize its taxation by municipal corporations is not denied: *French* v. *Baker,* 4 Sneed, 193; *Mayor,* *etc.,* v. *Guest,* 3 Head, 413. To enable any person to exercise the privilege thus created he must, of course, comply with the requirements of the law or ordinance, whether he be a resident or non-resident of the State: *Howe Sewing Machine Company* v. *Cage,* 9 Baxt., 518; *Robertson* v. *Heneger,* 5 Sneed, 257; *Lightburne* v. *Taxing District,* 4 Lea, 219; *Singleton* v. *Fritsch,* 4 Lea, 93. The Legislature may classify merchants or other dealers for purposes of taxation: *Voss* v. *Memphis,* 9 Lea, 294; *Eastman* v. *Jackson,* 10 Lea, 162. It may classify for like purposes the same vocation: *State* v. *Schleier,* 3 Heis., 281; *Fulgum* v. *Mayor, etc.,* 8 Lea, 635. And may impose a privilege tax in addition to a regular occupation tax, and make it different for different classes of the same occupation: *Kelly* v. *Dwyer,* 7 Lea, 180; *Jenkins* v. *Ewin,* 8 Heis., 456.

The act of 1879, chapter 84, which created the Taxing District of Shelby county, provided by section 57, sub-section 50: "All persons, not having a regular licensed house of business in the Taxing District, and selling goods, wares and merchandise therein by sample, shall be required to pay" a specified privilege tax.

The statute in substance made it a privilege for persons not having a regular. house of business in the district, whether a resident or non-resident of the State, to sell by sample within the district, or corporate limits of the municipality. The Legislature having the power to classify merchants, as we have seen, and to add on to any class of merchants a privilege tax, the validity of the legislation would seem to follow of course. Resident merchants shall pay a regular occupation tax, but traveling salesmen of other merchants, who otherwise pay no tax, shall pay a privilege tax.

The act of 1881, chapter 96, section 16, is: "That sub-section 50 (of 1879, ch. 84, sec. 57), be amended to read as follows: "All drummers, and all persons not having a regular licensed house of business in the Taxing District, offering for sale, or selling goods, wares or merchandise therein by sample, shall be required to pay" a specified tax. The change is in words not substance. The business of a drummer, if the latter be correctly defined as an agent who sells by sample, was embraced in the original provision. "The term drummer," this court has said, "has acquired a common acceptation, and is applied to commercial agents who are traveling for wholesale merchants and supplying the retail trade with goods, or rather taking orders for goods to be shipped to the retail merchant": *Singleton* v. *Fritsch*, 4 Lea, 96. More accurately, perhaps, a drummer is a traveling agent who, sells, or offers to sell by sample, by representation of his employer's goods, or by soliciting orders. He would in any event be a person selling

by sample. The meaning of the statute is that any person not having a regular licensed house of business in the district must pay a privilege tax for selling or offering to sell by sample in the district. The statute merely creates a new privilege by designating a separate and distinct class of traders who shall be required to take out a license in order to ply their business. It makes no discrimination between persons of that class, or against non-residents of the State. It only provides that the particular class shall pay a privilege tax to the local government where they do business, which class would otherwise pay nothing.

There is nothing to impeach the validity of this legislation in the opinion of this court in the *Mayor, etc., of Nashville* v. *Althrop*, 5 Cold., 554. At the time of the passage of the municipal ordinance in controversy in that case, the Legislature of the State had not made selling by sample a taxable privilege, nor authorized the corporation of Nashville to tax merchants or other traders except generally as one class. The city of Nashville undertook by ordinance, in advance of State legislation, to make the business of selling goods by sample in the city a separate avocation and taxable as such; and, by another section of the ordinance, to require all merchants of other cities and their agents, and all other non-residents of the city, whether manufacturers, merchants or other dealers, who may offer goods for sale in the city, either by sample, representation or the taking of orders, to obtain a license therefor, with a proviso that the ordinance should not be so construed as to impose any

Robbins v. Taxing District.

additional tax or disability upon merchants of the city. It was held, and correctly, as this court has since said in *Vosse* v. *Memphis*, 9 Lea, 297, that municipal corporations "have no power to create a privilege for the purpose of taxing it, or to discriminate between persons exercising the same privilege, by imposing a tax on one class at a higher rate, or in a different mode, or upon other principles than are applicable to the exercise of the same privilege by others," that is, adds the judge in the subsequent case of *Vosse* v. *Memphis*, "of the same class," citing, in support of the qualification, the *State* v. *Schleier*, 8 Heis., 455, and his own opinion in *Fulgum* v. *Mayor*, etc., 8 Lea, 635. These cases settle that the Legislature may divide merchants, or other dealers into classes for the purpose of separate taxation, and may authorize municipal corporations to make the same division. The Legislature, by the statute under consideration, has now done what the municipality could not itself previously do, and created a privilege of a specified part of a general business, which might otherwise have been carried on under the usual occupation license, for purposes of taxation. This was, as we have repeatedly held, within the competency of the Legislature.

It was said in *Althrop's* case that the second section of the ordinance in controversy was open to the further objection that it discriminated between merchants, manufacturers and other dealers residing without the limits of Nashville, and members of the same class residing in the city. "This," it was added, "cannot be done, and would be equally beyond the

authority of either the State or the municipal Legislature." The reason is, as stated by Judge Cooley in the paragraph cited from his work on Constitutional Limitations, that a statute would not be constitutional which should select particular individuals from a class or locality, and subject them to peculiar rules, or impose upon them special obligations or burdens from which others in the same locality or class are exempt. But this statute makes no discrimination among or between the individuals of the class covered by it, the class being not merchants generally, but traveling agents of non-resident houses doing business within the city. And under our decisions it is sufficient if all persons in the same class must pay the same tax for the privilege: *Fulgum* v. *Mayor, etc.*, 8 Lea, 640.

It is said, however, that persons having a regular licensed business house in the district may sell by sample within the district without taking out the license under the statute, and therefore there is a discrimination in their favor. The record does not show that any persons having a licensed house of business in the district ever sell by sample therein, and it is not easy to see how such a mode of selling could exist where the goods themselves were on hand in the district. And if a resident merchant undertook to sell goods to be ordered from a distance, we have expressly held in the case of a merchant tailor, that he would be liable for the regular occupation tax: *Singleton* v. *Fritsch*, 4 Lea, 93.

But if the fact be conceded that resident merchants do sell their own goods by sample within the district,

the fact that they are exempted from the special privilege tax would not make the latter a partial law. The Legislature, we have also expressly held, may make exemptions of individuals of a class from a special tax without affecting the validity of the tax law: *Fulgum* v. *Mayor*, 8 Lea, 840.

In that case a license tax was imposed by ordinance upon the privilege of keeping a hotel proportioned to the rental value, hotels having less than ten rooms being exempted. In the case of the *Pullman Sleeping Car Company* v. *Gaines*, 3 Tenn. Ch. 587, the act of 1877, chapter 16, section 6, was considered, which provided: "That the running and using of sleeping cars on railroads in Tennessee, not owned by the railroads upon which they are run and used, is declared to be a privilege," and taxed. The statute clearly exempts the owners of the railroads from the tax, and the question was presented, which is now made in this case, whether the exemption did not make the act amenable to the constitutional objection that it was a partial law. It was held, however, that the Legislature merely intended, by the language used, to exclude the idea of interfering with the franchises of the railroads granted by their charters, the law presuming that the company has paid, in taxation or otherwise, for the franchises thus conceded. So here, if in fact, selling by sample within the municipality is a part of the business of the resident merchant, his regular occupation license would cover it. The person not having such a licensed place of business must pay the privilege tax; and, as we have

seen, a privilege tax may be added to an occupation tax of a class of merchants or traders: *Kelley* v. *Dwyer*, 7 Lea, 180; *Jenkins* v. *Ewin*, 8 Heis., 456; *Vosse* v. *Memphis*, 9 Lea, 294.

There is nothing in the suggestion that the act under consideration is unconstitutional because it makes the selling by sample a privilege in the Taxing Districts alone, and not in other parts of the State. The Legislature has the power to create municipal corporations by general law, and clothe them with authority to levy local taxes, and we have held the Taxing District act to be a general law.

That such a tax is not a regulation of commerce between the States is well settled: *Osborne* v. *Mobile*, 16 Wall., 479; *Speer* v. *Commonwealth*, 23 Grattan, 935; *Ex parte Robinson*, 5 Rep., 181; *Lightburne* v. *Taxing District*, 4 Lea, 219; *Pullman Car Company* v. *Gaines*, 3 Tenn. Ch. 587.

Judgment affirmed.